USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRITZ T. JARVOIS,

          Plaintiff,

-against-

CAROLE FERRARA, CFA MANAGEMENT;
THOMAS LIBRETTI, SUPERINTENDENT,

          Defendants.

18-cv-3997-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

    Plaintiff filed this action *pro se*, alleging that Defendants discriminated against and fired him, in violation of federal law. On October 15, 2019, Plaintiff filed a notice of appeal from the judgment. Dkt. No. 39. Later the same day, Plaintiff filed a letter with the Court, stating that he had not received the Court's opinion dismissing the action, and requesting that the Court provide him with the opportunity to file an amended complaint. Dkt. No. 40. The Court issued an indicative order concluding that it did not have jurisdiction to consider Plaintiff's request. Dkt No. 41. In its indicative order, the Court construed Plaintiff's request as a motion for reconsideration of the Court's August 19, 2019 Memorandum Opinion and Order. Dkt No. 35. However, the Court here reconsiders that ruling because it construes Plaintiff's request as a request for relief from judgment under Federal Rule of Civil Procedure 60(b) and now holds that it does have jurisdiction to grant Plaintiff leave to file an amended complaint.

## DISCUSSION

    Because Plaintiff has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Plaintiff's motion. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount*

*Ca*, 459 U.S. 56, 58 (1982). However, under the Federal Rules of Appellate Procedure if a party (1) files a motion under Federal Rule of Civil Procedure 60(b) within 28 days after judgment is entered, *see* Fed. R. App. P. 4(a)(4)(A)(vi), and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). That is the case even if the motion is filed the same day as the notice of appeal, *see Sankara v. City of New York*, 745 F. App'x 426, 427 (2d Cir. 2018) (holding that Court of Appeals lacked jurisdiction where party simultaneously filed notice of appeal with letter that could be construed as a motion for reconsideration under Rule 60(b), Fed. R. Civ. P.), or if it is filed *after* the notice of appeal, *see* advisory committee note to 1993 amendment ("A notice filed before the filing of one of the specified motions ... is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

Plaintiff filed his motion for reconsideration within 28 days of entry of judgment and filed his notice of appeal before the Court disposed of that motion. The Court therefore has jurisdiction to address the motion.

Under Rule 60(b), Fed. R. Civ. P., a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Plaintiff did not receive copies of the Court's Memorandum Opinion and Order, Dkt No. 35, until after the case was closed. In light of Plaintiff's *pro se* status, the Court grants Plaintiff's motion for relief from judgment, vacates its prior order of dismissal and civil judgment, Dkt No. 37, and directs the Clerk of Court to reopen this action. Plaintiff must file his amended complaint within thirty days from the date of this order.

## CONCLUSION

The Clerk of Court is directed to: (1) reopen this action and vacate the Court's order of judgment, Dkt No. 37; (2) mail a copy of this order to Plaintiff by first class and certified mail; and (3) docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 21, 2019
New York, New York

_____
GREGORY N. WOODS
United States District Judge